E-FILED
Wednesday, 24 June, 2026  12:05:08 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CHARLES A. FLYNN, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:25-cv-03394-SEM |
| | ) | |
| BRIDGET BERNARD *et al.*, | ) | |
|     Defendants. | ) | |

### <u>MERIT REVIEW ORDER</u>

**SUE E. MYERSCOUGH, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 6) filed under 42 U.S.C. § 1983 by Plaintiff Charles A. Flynn, an inmate at Lawrence Correctional Center ("Lawrence").

The Court grants Plaintiff's Motion for Leave to File but dismisses Plaintiff's amended pleading for the reasons stated.

### I. SCREENING STANDARD

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is

immune from such relief." *Id.* In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. ANALYSIS

Plaintiff's pleading spans thirty-eight pages and alleges constitutional violations over five years (2000-2005) at Graham, Jacksonville, Lawrence, Taylorville, and Western Illinois Correctional Centers against eighteen individuals and Wexford Health Sources, Incorporated ("Wexford").

Specifically, Plaintiff stated that during his intake processing at Graham in January 2020, he received a referral for "eye care treatment." (Doc. 6 at 8.) In February 2020, Plaintiff was transferred to Western, where he claims he was not referred, despite having sought an optometry appointment. (*Id.*) In February 2024, Plaintiff was transferred to Taylorville, where he claims an unidentified nurse was negligent in recommending a follow-up optometry

appointment as required by the January 2020 referral. In April 2025, while at Graham, and again in September 2025, while at Lawrence, Plaintiff sought a copy of the January 2020 referral by requesting his medical records. Plaintiff acknowledges receipt of his medical records, which did not include the 2020 referral. Plaintiff then provides an account of the grievances he filed regarding the failure to maintain medical records in accordance with state statutes and the failure to treat blood pressure readings that suggest stage 1 hypertension.

Under Federal Rule of Civil Procedure ("Rule") 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level." *Bravo v. Midland Credit Mgmt.*, 812 F.3d 599, 601–02 (7th Cir. 2016); *see also Charleston v. Bd. of Trs. of the Univ. of Ill. at Chi.*, 741 F.3d 769, 772 (7th Cir. 2013) ("Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference

that the defendant is liable for the misconduct alleged.'") (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The conclusory allegations Plaintiff asserts, coupled with the vague manner in which they are presented, place an unreasonable burden on the Court to wade through and determine which claims, if any, have merit. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) ("District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention.").

For example, Plaintiff claims that he possesses a progress note from January 18, 2020, where his blood pressure was documented as 142 over 82, which he claims establishes high blood pressure. From this premise, Plaintiff "contends that because the Wexford nurses were negligent in providing coverage … amount, level, extent and nature, the Director of Nursing and Healthcare Administrator are complicit in the negligence of all Wexford nurses' failure to provide optometry and blood pressure treatment from February 2020 to November 2023." (Doc. 6 at 15.)

However, "[t]o state a claim for relief, a complaint must provide more than 'abstract recitations of the elements of a cause of action or conclusory legal statements.'" *Charleston*, 741 F.3d at 772 (quoting *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)). "Instead, a plausible claim must include 'factual content' sufficient to allow the court 'to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Charleston*, 741 F.3d at 772 (quoting *Ashcroft*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Ashcroft*, 556 U.S. at 678).

Therefore, although Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is granted, his amended pleading is dismissed for failure to state a plausible claim for relief. However, Plaintiff is granted leave to file a second amended pleading. In the interest of efficiency and judicial economy, the Court provides the following guidance.

If Plaintiff submits a motion for leave to file a second amended complaint, his filing must not exceed ten pages in total length and shall not contain attachments. The Court does not accept piecemeal

amendments. The second amended complaint must stand completely on its own and must contain all claims against all defendants. This prevents confusion over intended claims and defendants.

The Court cautions Plaintiff that joining unrelated claims and unrelated defendants into his amended complaint violates the controlling principle in Federal Rule of Civil Procedure 18(a). Fed. R. Civ. P. 18(a). In other words, multiple claims against a single defendant are permitted, but "Claim A against defendant 1 should not be joined with unrelated Claim B against defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff elects to file an amended pleading in the instant case, he must choose either the events that occurred at Graham, Jacksonville, Taylorville, or Western Illinois Correctional Centers. In other words, Plaintiff cannot combine the allegations that occurred at those institutions into a single pleading. Instead, Plaintiff should confine his allegations to a single institution and file separate pleadings for the remaining allegations at the other correctional centers.

In this regard, the Court informs Plaintiff that, given the five-year period alleged, Plaintiff should ensure his allegations are not

time-barred. See *Lewis v. City of Chicago*, 914 F.3d 472, 478 (7th Cir. 2019) ("A § 1983 claim borrows the statute of limitations for analogous personal-injury claims in the forum state; in Illinois that period is two years.") (citing 735 Ill. Comp. Stat. 5/13-202); *see also Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018) ("[T]he statute of limitations for section 1983 actions filed in Illinois is two years."); *Cesal v. Moats*, 851 F.3d 714, 722 (7th Cir. 2017) (pointing out that the limitations period is tolled while a plaintiff pursues the grievance process).

As for the claims alleged at Lawrence Correctional Center ("Lawrence"), 28 U.S.C. § 1391(b) guides the proper venue for federal civil rights actions filed under 42 U.S.C. § 1983. As provided, § 1983 suits may be brought only in (1) the judicial district where any defendant resides if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) a judicial district in which any defendant may be found if there is no district in which the action may otherwise be brought. 28 U.S.C § 1391(b).

Lawrence lies within the jurisdiction of the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. 93(c)

(listing the Illinois counties that comprise the Southern District of Illinois). Thus, Plaintiff should file a separate pleading regarding events at Lawrence in the Southern District of Illinois.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 6) is GRANTED.**

2) **Plaintiff's amended pleading is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3) **The Court GRANTS Plaintiff leave to file a Second Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED June 24, 2026.

s/ *Sue E. Myerscough*

_____
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE